GREen, J.,
delivered the opinion of the court.
The defendant was indicted in the Maury circuit court, for petit larceny, and found guilty by the jury, and the court arrested the judgment. The attorney general, on behalf of the state, appealed to this court.
The first ground upon which it is sought to sustain the judgment of the court is, that the indictment is signed “John P. Campbell, attorney general,” without stating for what judicial circuit he is attorney general.
This court decided in the case of The State vs. Elkins, Meigs Rep. 109, that the failure of the attorney general to state for what judicial circuit he was attorney general, was not sufficient cause for arresting the judgment. The objection now taken, was one of the reasons in arrest assigned in that case, and disregarded by the circuit court; in which this court said the circuit court acted properly.
*111 But it is said the case of Teas vs. The State, 7 Humph. Rep., is an authority for the defendant. We do not think so. In that case the indictment was signed “W. B. Johnson, solicitor general.” This court held, that as there is no such office as “solicitor general,” the addition of these words gave no official character to the name of W. B. Johnson; and that as it was necessary the indictment should be authenticated by the official signature of the attorney general, the judgment should be arrested.
It is insisted, as there are many attorneys general in the state, — and as there are district attorneys general, and an attorney general for the state, — we cannot know for what district John P. Campbell is attorney general, unless he state his official character in full.
We think, when the whole indictment is looked to, it sufficiently appears that J. P. Campbell is attorney general for the 8th district, including the county of Maury. The caption of the indictment is, “State of Tennessee, Maury county, circuit court,” and it is signed, “J. P. Campbell, attorney general.” His signature as attorney general, is in connection with an official act which belonged to, and could only be performed by the attorney general of the district, of which Maury county is a part, and when he does an official act in Maury county, to which he affixes his signature, and the word “attorney general,” — he thereby asserts that he is the attorney general of the district in which he thus acts.
The case of Teas vs. The State, did not involve this question at all. The question in that case was not, whether the description added to the name was sufficient to make it satisfactorily appear, that the party signing the indictment'was the officer, entitled by law to prefer it; but the question was, whether, the words, solicitor general, gave to the signature any official character whatever.
*112 We think this case does not differ from the signature of clerks — -when process or certificates are signed, “A. B. Clerk.” If the body of the process, verify the court from which it issues, the name of the clerk, with the addition of his office simply, will be sufficient. He need not add to his name, “clerk of the circuit court for Davidson county in the state of Tennessee,” in order to verify an act done in that court. If the body of the act show the court, his name with the addition of clerk, is sufficient. No one ever dreamed of objecting to the return of probess addressed to the “sheriff of Davidson county,” because the word “sheriff,” or an abbreviation of it only was added to the name; and yet, the argument in this case, would' make it indispensable, that the sheriff should in every return add the county and state in which he is sheriff, in order that we may be sure some sheriff of another county or state, has not made the return.
1. It is next objected, that it does not appear in the record that John P. Campbell is attorney general, that by the journals of the legislature, we know that Nathaniel Baxter was elected attorney general of the 8th solicitorial district, and that the term for which he was elected had not expired when this indictment was found.
The answer is, that Nathaniel Baxter resigned his office of attorney general for the 8th - district, and John P. Campbell was appointed by the governor, Ms successor.
But it is insisted that the 'fcourt cannot take notice of the acts of the executive, though it may of the legislature.
There is no foundation in reason for this distinction. In many of the states, the appointment of a large portion of the officers is vested in the executive. Will it be said, that every official act, with which these officers may be entrusted, must show the commission under which they act? Such a requisition would be absurd. But certainly not more so, than to *113 require it in this case. The fact, that this is a pro tempore appointment can make no difference.
If the court will officially know the acts of the governor in making appointments, where the constitution vests that power exclusively in him, there can be no reason why they may not also, officially know, when he makes a pro tempore appointment.
It is not like the case of Staggs vs. The State, 3 Hump. Rep., 372. That was an appointment by the court. There was no difficulty in copying it into the record of the case. But in the case before us, there is no record in the court of the appointment of John P. Campbell by the governor. No law requires the commission to be copied into the records of the court of every county in the circuit, nor is it ever done. But unless this were done, it would be impossible for the record in every criminal case in his district, to show -that he was attorney general.
But independent of the impossibility, that the record should show that which is now demanded, it is enough to say, that if in Staggs’ case, the court decided, that it will not officially know that the circuit court has made a pro tempore appointment; it by no means follows;, that the acts of the executive of- the state, cannot be officially noticed. That from the necessity of the case, we must take official notice of many executive acts is clear; and why we are supposed to be ignorant of the act making the appointment in question, is not perceived.
There is, therefore, we 'think, error in this record, in arresting the judgment; and it must be reversed, and the prisoner will undergo confinement in the common jail of Maury county, ten days, and pay a fine of twenty-five dollars.